Dear Mr. McClanahan:
I am in receipt of your letter dated December 11, 1991 requesting an Attorney General's Opinion concerning questions regarding the jurisdiction of the Coastal Management Program. You ask four questions, the first two of which concern the boundary of the coastal zone. The second two concern the jurisdiction of the Coastal Management Program for activities occurring adjacent to the coastal zone.
La. R.S. 49:214.24 of the State and Local Coastal Resource Management Act of 1978 (SLCRMA) specifically defines the coastal zone boundary. Your first question refers to that part of the inland boundary defined as the "northern shoreline of the GIWW" and other parts of the coastal boundary similarly defined. You ask whether this description means:
 . . . strictly the "natural" shoreline, even when such a shoreline might have to be extrapolated (e.g., across the mouth of a slip, canal or bayou), or does it extend to the periphery of any slips, et al. that might interrupt the natural shoreline?
Your second question asks:
 If the periphery of slips is included as part of the boundary, is this limited only to slips that were in place prior to the implementation of the Coastal Management Program or does it include slips that may have been (or will be) dredged subsequent to that time?
These first two questions have, with respect to slips dredged into the northern bank of the GIWW, been answered by this office in Attorney General's Opinion 88-531. That Opinion found that slips in existence prior to the effective date of the SLCRMA became part of the northern bank of the GIWW on the effective date of the SLCRMA. Additionally, a slip which comes into existence after the effective date of the SLCRMA becomes part of the northern bank for purposes of coastal management regulation. This would also apply to slips dredged into the banks of other similarly defined boundaries of the coastal zone. Essentially, these slips become a component part of the waterway.
The result is different for canals and other separate entities which empty into or flow from the waterway, and which have their own defined banks. In these cases it is reasonable for the boundary to follow a line drawn across the mouth of the canal.
This is, in fact, the manner in which the Coastal Management Program has historically interpreted these portions of the coastal zone boundary.
Additionally, La. R.S. 49:214.24D states, in part:
 The boundary, as adopted shall be clearly marked on large scale maps or charts, official copies of which shall be available for public inspection in the offices of the Coastal Management Program of the Department of Natural Resources and each local government in the Coastal zone.
The coastal zone boundary, as drawn on maps located in the offices of the Coastal Management Program, follows the periphery of slips dredged into the boundary of the coastal zone, but follows lines drawn across the mouths of canals or bayous which intersect the boundary.
Therefore, slips dredged into the northern bank of the GIWW or other similarly defined parts of the coastal zone boundary become part of the waterway and the periphery of such slips become the coastal zone boundary. The dredging of such slips is within the jurisdiction of the Coastal Management Program and subject to coastal permitting.
Your third and forth questions concern the jurisdiction of the Coastal Management Division over activities which intersect the coastal zone boundary and which are a part of activities which cross the coastal zone boundary. Specifically, you ask:
 If a permitted use will result in the dredging of a slip or similar feature through the current coastal zone boundary, is the portion of the slip above the coastal zone boundary subject to Coastal Use Permitting?
 If a portion of an activity does not impinge in or upon the coastal zone boundary, it is a component of an overall activity (portions of which would cross the coastal zone boundary) is that portion which does not occur to coastal zone subject to CMD jurisdiction?
As is discussed above and in Opinion 88-531, slips dredged into the northern shore of the GIWW and other coastal boundaries similarly defined, barring any other exemptions, would be subject to coastal use permitting.
For such other activities which intersect the coastal zone boundary, such as canals which have their own defined banks, this question can be answered by reference to La. R.S.49:214.25E, which provides:
 When only part of a use lies within the coastal zone, only that portion of the use which is located within the coastal zone is considered a use subject to a coastal use permit under this Subpart.
Thus, only that part of the use lying seaward of the coastal zone boundary would be subject to coastal use permitting. Any activity lying landward of the inland boundary would not be subject to coastal use permitting. Likewise, if an activity is occurring both within the coastal zone and landward of the coastal zone boundary only that portion of the activity occurring within the coastal zone would be subject to coastal use permitting.
If we may be of further assistance in connection with this inquiry, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: FREDERICK C. WHITROCK Assistant Attorney General
FCW/tp